STATE, Plaintiff, v. BROOKSHAW, Defendant.

*No. 75–173. Decided November 25, 1975.*
(Also reported in 235 N. W. 2d 520.)

For the plaintiff there was a brief by *Roy S. Wilcox* of Eau Claire, counsel for the Board of State Bar Commissioners.

For the defendant: *R. Wilbur Brookshaw,* pro per.

PER CURIAM. The Board of State Bar Commissioners filed a complaint in this court, asking for disciplinary action against the defendant Brookshaw. The entire com-

plaint concerns alleged actions of the defendant with respect to the legal affairs of a single client, Hilda Bjurquist who, on March 24, 1966, at the age of ninety, gave a power of attorney to the defendant. The specific allegations concern misconduct of the defendant (1) prior to the death of Hilda Bjurquist on January 31, 1971, but after she gave him the power of attorney in 1966, and (2) after her death when he was placed in charge of handling the probate of her estate, both as administrator and as attorney. The complaint charges the defendant with breaching his fiduciary relationship with Miss Bjurquist by reason of four particular loans which were made under his power of attorney. The complaint also charges

"4. That no payments on principal or interest were collected or received by the defendant on any of the aforementioned notes prior to the death of Miss Bjurquist on January 31, 1971, nor was any interest on said notes paid to the estate from said date of death to the original date of closing of said estate in December of 1972, although defendant acted both as the attorney for said estate and as the duly appointed executor."

A stipulation of facts has been filed with this court as agreed to by the defendant and the Board of State Bar Commissioners, which stipulates:

"5. That while handling the financial affairs of Hilda Bjurquist as her attorney-in-fact, the defendant made the following unsecured loans from Miss Bjurquist's estate without her knowledge or consent . . . .

| | Payee | Rate of Interest | Date | Amount |
|---|---|---|---|---|
| (a) | Pierce County Abstract Co. | 5% | 12–13–66 | $ 450.00 |
| (b) | James J. Brookshaw & Lynette Brookshaw, his wife | 5% | 9–8–67 | 1,000.00 |
| (c) | Buildings and Lands, Inc. | 5% | 1–29–68 | 1,080.00 |

|  | Payee | Rate of Interest | Date | Amount |
|---|---|---|---|---|
| (d) | Buildings and Lands, Inc. | 5% | 1–29–68 | $1,200.00 |
| (e) | James J. Brookshaw & Lynette Brookshaw, his wife | 5% | 9–20–68 | 2,500.00" |

The stipulation further states that the loans were made either to corporations owned by the defendant and his wife or to the defendant's brother and sister-in-law. The stipulation states:

"6. That at the time of the loan set forth in paragraph 5 (a) above, the Pierce County Abstract Company was a corporation solely owned by the defendant and his wife; that said loan was made in exchange for a promissory note executed by the defendant as president of said corporation.

"7. That at the time of the loans set forth in paragraph 5 (b) and (e) above, James J. Brookshaw and Lynette Brookshaw were the brother and sister-in-law respectively of the defendant; that said loans were made in exchange for promissory notes executed by said payees.

"8. That at the time of the loans referred to in paragraph 5 (c) and (d) above, Buildings and Lands, Inc. was a real estate holding corporation owned solely by the defendant and his wife; said loans were made in exchange for promissory notes executed by the defendant as president of said corporation."

It is conceded in the stipulation that no payments of principal or interest on these loans were made "prior to the death of Hilda Bjurquist on January 31, 1971." The stipulation also provides that:

". . . although the principal and accrued interest up to the date of death were paid back to the estate, no interest was collected or received by the defendant in his capacity as executor or as the attorney for the estate on any of the notes . . . from said date of death to the original closing of said estate in December of 1972 . . . ."

And the stipulation further states:

". . . subsequently, upon the complaint of one of the heirs, the estate was reopened on June 27, 1973 and upon the order of the presiding judge interest was collected . . . from the date of death to June 27, 1973 . . . ."

The papers attached to the stipulation show that interest from January 31, 1971, to December 27, 1972, was paid in the amount of $736.49, as reported on July 13, 1973, as per supplementary account filed August 2, 1973. The defendant Brookshaw also states that a payment in the amount of $225.46 was paid in, which he states covered the period of interest on these loans from January 31, 1971, to August 31, 1971.

Neither the plaintiff nor the defendant have submitted briefs and both have waived oral argument. The Bar Commissioners have recommended that the defendant be reprimanded. The defendant is sixty-nine years of age, having been born on June 27, 1906. He was admitted to practice law in August of 1933, having apprenticed prior to his practice at Ellsworth, Wisconsin, in the office of the late W. G. Haddow and the late Ferris M. White, a former State Bar Commissioner. The defendant has had extensive practice in Ellsworth, and has concentrated in the probate field since 1955. He represented Hilda Bjurquist since 1935–1936. The final account that was filed in the estate did not include interest after the date of death. No objection was entered to that final account at the time the final account was considered and approved. Objection was made at a later date by Adeline Florness, an heir of Hilda Bjurquist. The estate was thereupon reopened and the interest was paid.

This is a serious case and merits discipline. The principal misconduct, of course, is the admitted course of self-dealing in breach of the defendant's fiduciary relationship to Hilda Bjurquist. There is no doubt that an

agent occupying a fiduciary relationship is guilty of wrongdoing when he engages in self-dealing under which he gains financial benefit out of a financial transaction with the corpus concerning which he is charged with shepherding in his fiduciary capacity. Thus, it is stated at 3 Am. Jur. 2d, *Agency*, p. 595, sec. 220, as follows:

"The rule precluding an agent from engaging in self-dealing is one of prevention, not remedial justice, which operates however fair the transaction may have been—however free from every taint of moral wrong."

Corpus Juris comments on the very matter of lending money from the agency corpus to the agent himself, as follows, at 2A C. J. S., *Agency*, p. 880, sec. 193:

"Authority to lend does not authorize the agent to lend the money which constitutes the subject matter of the agency to himself; . . ."[1]

We have disciplined several lawyers on the grounds of improper commingling of trust funds.[2] Here the self-dealing is different only in that a note was given assuring the principal that the account would not lose money. It is true, of course, that in the end here the loans were repaid with interest so that there was no financial loss occasioned by the defendant's conduct. This is true of every commingling where the money is restored before the commingling is noted.

The court is divided on what discipline to impose in this case. The entire court agrees that the conduct at least merits severe reprimand. Justices LEO B. HANLEY, CONNOR T. HANSEN and ROBERT W. HANSEN agree on such a severe reprimand. Chief Justice HORACE W. WILKIE, Justices NATHAN S. HEFFERNAN and ROLAND B.

[1] *See also:* 2 Scott, *Trusts*, p. 1429, sec. 179; Restatement, 1 *Trusts* 2d, p. 366, sec. 170, comment *e*.

[2] *State v. Stoveken* (1975), 68 Wis. 2d 716, 229 N. W. 2d 224; *State v. Krumme* (1969), 41 Wis. 2d· 775, 165 N. W. 2d 148; *State v. Wildermuth* (1967), 34 Wis. 2d 235, 148 N. W. 2d 656.

DAY believe that this misconduct is more serious and would suspend the license to practice law of defendant for a period of ninety days.[3] Justice BRUCE F. BEILFUSS takes no part. Since the court is evenly divided, the court settles on the discipline of a severe reprimand.

*By the Court.*—It is ordered and adjudged that the defendant is severely reprimanded for his misconduct as a lawyer, and the defendant shall pay the costs of these proceedings not exceeding $1,500, to be paid on or before six months from this order.

BEILFUSS, J., took no part.

---

[3] *State v. Hartman* (1972), 54 Wis. 2d 47, 194 N. W. 2d 653.